Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District of California | |
|---|---|---|
| Name (under which you were convicted): Kenneth Collins | | Docket or Case No.: 2:18-cr-00038-ODW-1 |
| Place of Confinement: FCI Seagoville (Low); P.O. Box 9000; Seagoville, Tx 75159 | | Prisoner No.: 75816-112 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) Kenneth Collins | |
| v. | | |

MOTION **CV19 10116 ODW**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court, Central District of California
    300 E Green Street
    Pasadena, CA 91101

    (b) Criminal docket or case number (if you know):  2:18-cr-00038-ODW-1

2.  (a) Date of the judgment of conviction (if you know):  11/26/2018

    FILED
    CLERK, U.S. DISTRICT COURT
    NOV 26 2019
    CENTRAL DISTRICT OF CALIFORNIA
    BY                    DEPUTY

    (b) Date of sentencing:  11/19/2018

3.  Length of sentence:  210 months

4.  Nature of crime (all counts):

    Conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. § 846 (Count One); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and aiding and abetting, in violation of 18 U.S.C. § 2(a) (Count Three).

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ☐          (2)  Guilty ☑          (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    I pled guilty to Count One of the indictment pursuant to a plea agreement. The remaining counts were dismissed based on a motion by the government.

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ☑

9.  If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:       Yes ❑   No ❑

    (2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Counsel was ineffective for failing to communicate Movant's desire to cooperate.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please see attached memorandum of law and authorities in support.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel's ineffectiveness

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:

 Counsel was ineffective for failing to properly object to drug amount attributed to Movant.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

 Please see attached memorandum of law and authorities in support.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Counsel's ineffectiveness

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Counsel was ineffective for failing to argue that the elements of 21 U.S.C. § 846 were not established.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please see attached memorandum of law and authorities in support.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel's ineffectiveness

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

Counsel was ineffective for failing to file an appeal when Movant requested that an appeal be filed.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please see attached memorandum of law and authorities in support.

GROUND FIVE:

Counsel was ineffective for failing to raise the issue of disparity in sentencing between Movant and his co-defendants during Movant's sentencing. (Please see attached memorandum of law and authorities in support).

GROUND SIX:

Movant's sentence was imposed in violation of the Constitution and laws of the United States. (Please see attached memorandum of law and authorities in support).

The reason for not raising these grounds on appeal is counsel's ineffectiveness.

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

       Counsel's ineffectiveness

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All the grounds mentioned.  My reason for not raising them is due to my attorney's ineffectiveness.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Anthony W. Willoughby II; 200 Corporate Pointe, Ste.495; Culver City, CA 90230; 310.642.0600

(b) At arraignment and plea:

Same

(c) At trial:

Same

(d) At sentencing:

Same

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ❏ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❏ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ❏   No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   Based on the date I was sentenced (i.e., November 19, 2018) and the date the judgment of conviction was filed in my case (i.e., November 26, 2019), my § 2255 motion is timely filed.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
       (1) the date on which the judgment of conviction became final;
       (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
       (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
       (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

That my conviction and sentence be vacated.

or any other relief to which movant may be entitled.

_____
N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
_____ (month, date, year).

Executed (signed) on _11/14/19_____ (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 18-cr-00038-ODW |
| | ) | |
| | ) | |
| Kenneth Collins, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

**COMES NOW**, Movant, Kenneth Collins ("Movant"), proceeding *pro se* and pursuant to the provisions set forth under 28 U.S.C. § 2255, respectfully moves this Honorable Court to vacate, set aside, or correct the sentence imposed in the above-styled cause. In support of this motion, Movant states the following:

### I.   INTRODUCTION

Movant is in federal custody in Seagoville, Texas. On November 19, 2018, this Court sentenced him to 210 months' imprisonment. The Court also imposed a five-year term of supervised release, a special assessment fee of $100, and restitution in the amount of $38,000.[1] Movant did not appeal either his conviction or sentence.

This is Movant's first § 2255 motion. He is challenging his conviction and sentence as a matter of law and based on his attorney's ineffectiveness in violation of his Sixth Amendment right

---

[1] The Court originally entered a judgment of ten years imprisonment which appears to have been an erratum because, as shown in the record, an amended judgment was later entered on November 26, 2018, eliminating the ten-year prison term and replacing it with the current term of 210 months. (Doc.# 127).

1

effective legal representation.  These points are outlined in the accompanied Memorandum of Law in support of this motion.

## II.  JURISDICTION

This Court has jurisdiction to hear Movant's motion to vacate, set aside or correct his sentence and conviction under 28 U.S.C. § 2255 because the motion was filed within one year of Movant's sentencing date of November 19, 2018, and within one year of November 26, 2018, the date that the aforesaid amended judgment of conviction was filed. *See* Keaton v. United States, 2016 U.S. App. LEXIS 24368, \*16 (11th Cir. 2016) ("The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion."), *citing* 28 U.S.C. § 2255(f).  Therefore, because this § 2255 motion is filed prior to November 19, 2018 and November 26, 2018, the motion is considered timely filed. *See* 28 U.S.C. § 2255(6).

## III.  BACKGROUND AND PROCEDURAL HISTORY

The relevant procedural history of this case is as follows.  On January 10, 2018, a criminal complaint was filed against Movant, along with David Easter and Grant Valencia, charging them with conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); carrying or using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); conspiracy in violation of 18 U.S.C. § 371; federal program bribery in violation of 18 U.S.C. § 666; mail fraud and wire fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343, respectively; and money laundering in property from specified unlawful activity, in violation of 18 U.S.C. § 1957. (*See* Case No. 2:18-

cr-00038-ODW, Doc.# 1).  Arrest warrants were subsequently issued, and Movant and his co-defendants were later arrested.

Following Movant's arrest, he hired Attorney Anthony W. Willoughby II to represent him.

On January 26, 2018, a multi-count criminal indictment was returned against Movant, David Easter and Grant Valencia.   The indictment charged them with conspiring to distribute methamphetamine, cocaine, and marijuana in violation 21 U.S.C. § 846 (Count One); using and carrying a firearm during and in relation to, and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and aiding and abetting, in violation of 18 U.S.C. § 2(a) (Count Three). (Doc.# 31).  Specifically, the indictment charged that Movant and the other co-defendants "knowingly and intentionally [conspired to] distribute … at least 50 grams of methamphetamine"; that they distributed "at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance"; and that they distributed an undisclosed amount of "marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II), and § 841(a)(1) and (b)(1)(D).

In support of the foregoing charges, the indictment stated that Movant recruited and employed a team that included co-defendants Easter and Valencia and "others" "to assist with the transport and security of the transport of controlled substances." (Indictment, Section B, ¶ 2).

As to overt acts in furtherance of the conspiracy and the actions taken by the defendants to accomplish the objects of the conspiracy, the indictment stated that Movant, co-defendants Easter and Valencia, and others, communicated to UC-1 at a restaurant in Los Angeles County that they "were willing to provide security for an illegal marijuana grow house [that] UC-1 was purportedly trying to establish," (Indictment, Section C, ¶ 1); that Movant "told UC-1 that instead of setting up a 'major grow,' UC-1 should just purchase marijuana for further distribution from [Movant]

directly," (Indictment, Section C, ¶ 5); that Movant "said that he could obtain marijuana for UC-1 from a 'connection' [Movant] had 'up North,'" id; that Movant also discussed with UC-1 that he and his team would provide security for an upcoming transport of controlled substances to Las Vegas, Nevada and that Movant demanded $25,000 in exchange for providing security for that transport, id; that during Movant's meeting with UC-1 on October 13, 2017 "to discuss both the 'test run' sale of marijuana and upcoming drug transport," Movant "agreed to sell two pounds of high-quality marijuana to UC-1 for $6,000," and that "[i]f this 'test run' went well, [Movant] offered to facilitate the sale of up to 2,000 pounds of marijuana for $2,000 per pound," (Indictment, Section C, ¶ 7); that on November 3, 2017, Movant "met UC-1 to discuss details for the upcoming transport of what [Movant] understood to be methamphetamine, marijuana, and counterfeit cigarettes to Las Vegas," and that Movant "*agreed* that in exchange for $25,000, he and members of his team *would provide security* for the transport schedule to take place on November 14, 2017 to ensure its successful delivery," (Indictment, Section C, ¶ 10) (emphasis added); that on November 14, 2017, Movant, along with "Easter and Valencia met UC-1 and UC-2 in a grocery store parking lot in Pasadena, California for the purpose of providing security for a transport of what they understood to be six kilograms of methamphetamine, as well as marijuana and counterfeit cigarettes," id. at ¶ 11; that on January 5, 2018, Movant and "UC-1 met again to discuss details for the transport scheduled to take place on January 16, 2018," and that "UC-1 told [Movant] that the cargo would contain 20 kilograms of cocaine, six kilograms of methamphetamine, and cash," and that Movant further stated that "his 'guys' are used to providing security for 'bigger loads' and asked UC-1 about the possibility of doing even larger drug transports in the future," id. at ¶ 19; and that on January 16, 2018, Movant, Easter and Valencia "drove in separate cars and met at the agreed-upon location and time, the Rosemont Pavilion in

4

Pasadena at 6:00 a.m., for the purpose of providing security for a transport of what [Movant and his co-conspirators] understood to be at least 20 kilograms of cocaine, six kilograms of methamphetamine, and cash." (Indictment, Section C, ¶ 21).

As to counts two and three, the indictment stated that Movant and Easter each aided and abetted each other in knowingly using and carrying a firearm during and in relation to a drug trafficking crime, (Count Two), and that Movant, Easter and Valencia each aided and abetted each other in knowingly possessing a firearm in furtherance of a drug trafficking crime. (Indictment, pg. 11-12).

Following the defendants' arrests, all initially pleaded not guilty. A trial date was tentatively set for October 23, 2018 (Doc.# 102).

During the pretrial phase, Movant asked his attorney on several occasions to reach out to the government's attorney and communicate that he, Movant, was interested in cooperating. Counsel, however, did not comply with Movant's wishes. Instead, counsel's response to Movant was that if the government was interested in him cooperating, it would make that known, and it had not.

A plea agreement was later extended to Movant by the government. The terms of the plea agreement is that Movant would plead guilty to Count One of the indictment which charged him with conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii), (b)(1)(A)(ii)(II), and (b)(1)(D), and in return the government would move to dismiss the remaining counts of the indictment, recommend a two-level reduction in Movant's applicable Sentencing Guidelines offense level pursuant to USSG § 3E1.1, and further recommend an additional one-level reduction if available under that section. The plea agreement also outlined the penalties and restitution applicable to Movant based on his guilty plea to Count One which included reference to the statutory mandatory minimum of 10 years imprisonment and

the statutory maximum of life, along with a lifetime period of supervised release, a maximum fine of $10,000,000, and a mandatory special assessment of $100.  Lastly, the plea agreement outlined the factual basis upon which Movant was pleading to Count One, and further required that he admit to offering to protect drug transports for cash. (*See* Plea Agreement at 7).

Based on the advice of counsel, Movant agreed to accept the government's plea offer.  The plea agreement was later filed on August 2, 2018. (Doc.# 78).

Thereafter, on August 13, 2018, Movant appeared before the Court and pleaded guilty to Count One of the indictment as outlined in the plea agreement.  During the change of plea hearing, the Court inquired why wasn't a cooperation agreement sought in Movant's case.  In response, the attorney for the government stated that Movant's attorney never contacted her about Movant wanting to cooperate.  A sentencing date was subsequently set pending the issuance of a presentence report ("PSR").

On October 29, 2018, the government filed a sentencing memorandum and objections to the PRS. (Doc.# 113).  In this document, the government requested that the Court sentence Movant to 18 years' imprisonment (216 months), five years of supervised release, and that the Court impose a restitution in the amount of $38,000 for unrecovered payments to Movant during the FBI's undercover operation. (Doc.# 113 at 2).  The government further objected to any minimal role adjustment in Movant's case. Id. at 13.

On November 11, 2018, Movant, through counsel, filed his objections to the PSR.  The objections filed by counsel did not challenge the PSR's drug amount calculation which is largely responsible for the 210 months prison sentence that was ultimately imposed by the Court.  Instead, counsel objected to a 2-point increase to Movant's base offense level for specific offense

characteristics, and he wrote extensively about Movant's familial background, upbringing, and Movant's efforts at being a responsible father and provider. (Doc.# 119).

In a separate objection to the PSR filed on November 19, 2018, (Doc.# 123), Movant's attorney argued that Movant's base offense level should be 10 (as opposed to 36 as the government argued for) based on at least one kilogram but less than 2.5 kilograms of marijuana, and that a 2-point increase for victim related adjustment should be omitted due to double-counting.

At a sentencing hearing held on November 19, 2018, the Court expressed concerns regarding the admission of "ghost dope" into the proceedings which led to extensive discussions between both sides as to the correct amount of drugs attributable to Movant. In the end, however, the Court sided with the government with regards to objections to the PSR, finding Movant's total offense level to be 36 which, when combined with a criminal history category of I, produced an advisory guideline range of 188 to 235 months. Accordingly, the Court sentenced Movant to 210 months' imprisonment, to be followed by five years of supervised release, and restitution in the amount of $38,000.

Even though Movant communicated to his attorney that he wanted to appeal, counsel did not file a notice of appeal in Movant's case.

Movant now petition this Court for relief in this habeas motion. He is challenging his conviction and sentence on the grounds that his attorney was ineffective in representing him, and on the grounds that his conviction and sentence were imposed in violation of the Constitution and laws of the United States. Specifically, Movant is raising the following claims for relief:

1.  (CLAIM ONE): Counsel was ineffective for failing to communicate to the attorney for the government Movant's desire to enter into a cooperation agreement after Movant asked him to do so.

2.  (CLAIM TWO): Counsel was ineffective for failing to properly object to the drug amount calculation attributed to Movant.

3.    (CLAIM THREE): Movant's conviction for violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), (b)(1)(A)(ii)(II), and (b)(1)(D) is unreliable because the government did not provide any reliable factual basis to demonstrate that Movant actually engaged in a drug trafficking conspiracy, and counsel was ineffective for failing to raise this crucial argument on behalf of Movant.

4.    (CLAIM FOUR): Counsel was ineffective for failing to file an appeal on Movant's behalf despite Movant's assertion to counsel that he wanted to pursue an appeal.

5.    (CLAIM FIVE): Counsel was ineffective for failing to raise the issue of disparity in sentencing between Movant and his co-defendants during Movant's sentencing.

6.    (CLAIM SIX): Movant's sentence was imposed in violation of the Constitution and laws of the United States.

7.    Movant is entitled to an evidentiary hearing.


## IV.    CONCLUSION

WHEREFORE, for the all the reasons stated herein and in the Memorandum of Law in Support of Movant's § 2255 motion that is filed along with this motion, Movant respectfully requests that the Court grant his prayer for relief in this habeas matter by granting his § 2255 motion.

Movant further requests that the Court grant him all other relief to which he may be entitled in this habeas proceeding.


Dated: November 14, 2019.

Respectfully submitted,

Kenneth Collins (*Pro Se*)
Federal Register No. 75816-112
Federal Correctional Complex – Low
P.O. Box 9000
Seagoville, Texas 75159

# CERTIFICATE OF SERVICE

I certify that on this _14_ day of November 2019, a true and correct copy of the attached

Movant's MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO

28 U.S.C. SECTION 2255 was sent to the party listed below by way of First-Class mail:

      Lindsey Greer Dotson, Esq.
      Assistant U.S. Attorney
      Office of the United States Attorney
      Public Corruption and Civil Rights Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012

                      /s/ _____
                      Kenneth Collins (*Pro Se*)
                      Register No. 75816-112
                      Federal Correctional Complex-Low
                      P.O. Box 9000
                      Seagoville, Texas 75159

