1 | NICOLA T. HANNA
United States Attorney
2 | BRANDON D. FOX
Assistant United States Attorney
3 | Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
4 | Assistant United States Attorney
Public Corruption and Civil Rights Section
5 |     1500 United States Courthouse
    312 North Spring Street
6 |    Los Angeles, California 90012
    Telephone: (213) 894-4443
7 |    Facsimile: (213) 894-0141
    E-mail:   lindsey.dotson@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

10 |                   UNITED STATES DISTRICT COURT

11 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          CR No. 18-00038-ODW-1
                                    CV No. 19-10116-ODW
13 |           Plaintiff,
                                    GOVERNMENT'S *EX PARTE*
14 |           v.                    APPLICATION FOR COURT ORDER:
                                    (1) AUTHORIZING DISCLOSURE OF
15 | KENNETH COLLINS,                  CERTAIN ATTORNEY-CLIENT
                                    COMMUNICATIONS, (2) ESTABLISHING
16 |           Defendant.             PROCEDURES FOR OBTAINING SUCH
                                    ATTORNEY-CLIENT COMMUNICATIONS,
17 |                                 AND (3) IMPLEMENTING PROTECTIVE
                                    ORDER FOR SUCH OBTAINED
18 |                                 COMMUNICATIONS; MEMORANDUM OF
                                    POINTS AND AUTHORITIES;
19 |                                 DECLARATION OF LINDSEY GREER
                                    DOTSON; PROPOSED ORDER
20 |

21 |

22 |      Plaintiff United States of America, by and through its counsel

23 | of record, the United States Attorney for the Central District of

24 | California and Assistant United States Attorney Lindsey Greer Dotson,

25 | hereby files this ex parte application for an order: (1) finding that

26 | Defendant/Petitioner KENNETH COLLINS ("defendant") has waived his

27 | attorney-client privilege with respect to communications with his

28 | previous attorneys in his underlying criminal case, United States v.

1   Kenneth Collins, CR 18-00038-ODW-1, W. Anthony Willoughby and Anthony
2   W. Willoughby, II, insofar as those communications concern events and
3   facts relevant to defendant's claim that his counsel provided
4   ineffective representation in the manner described in defendant's
5   Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to
6   28 U.S.C. § 2255, in CV 19-10116-ODW; (2) establishing procedures for
7   the government to obtain such attorney-client communications; and
8   (3) implementing a protective order under which information disclosed
9   by defendant's prior counsel pursuant to the disclosure order will be
10  kept confidential, will be filed with the Court under seal, and will
11  be used only in connection with litigation relating to defendant's
12  ineffective assistance of counsel claim.

13       Prior to filing this application, the government did not contact
14  defendant, who is acting pro se in connection with the motion, as
15  defendant is incarcerated at United States Federal Correctional
16  Institution Seagoville, serving the 210-month sentence imposed in
17  this case.

18  ///
19  ///
20  ///

1    This application is based upon the attached memorandum of points
2  and authorities, the declaration of Assistant United States Attorney
3  Lindsey Greer Dotson, all files and records in the case, and such
4  further evidence or argument as may be requested by the Court.

5  Dated: December 3, 2019          Respectfully submitted,

6                                  NICOLA T. HANNA
                                   United States Attorney
7
                                   BRANDON D. FOX
8                                  Assistant United States Attorney
                                   Chief, Criminal Division
9

10                                       /s/ Lindsey Greer Dotson
                                   LINDSEY GREER DOTSON
11                                 Assistant United States Attorney

12                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
13

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.  PROCEDURAL BACKGROUND**

3  On August 13, 2018, Defendant/Petitioner KENNETH COLLINS
4  ("defendant") pleaded guilty, pursuant to a plea agreement, to a
5  violation of 21 U.S.C. § 846.  On November 19, 2018, defendant was
6  sentenced to 210 months' imprisonment.  Defendant was represented in
7  the district court criminal case by W. Anthony Willoughby and Anthony
8  W. Willoughby, II.

9  Through his plea agreement negotiated by counsel, the government
10  agreed to dismiss not one, but two, 18 U.S.C. § 924(c) counts, each
11  of which carries a consecutive mandatory minimum sentence of five
12  years.  The government also agreed to not pursue additional charges
13  against defendant for bribery, in violation of 18 U.S.C. § 666.  Had
14  defendant unsuccessfully proceeded to trial, his exposure would have
15  well-exceeded his current 210-month sentence -- the floor would have
16  been a 20-year mandatory minimum sentence and the ceiling a statutory
17  maximum of life.  In addition, defendant would have potentially been
18  facing additional charges and continued investigation.

19  On November 26, 2019, defendant filed a Motion to Vacate, Set
20  Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his
21  motion, defendant alleges ineffective assistance of counsel by his
22  prior counsel for, among other things, not filing an appeal after
23  defendant purportedly asked counsel to do so.  For the reasons
24  herein, defendant has waived the attorney-client privilege with
25  respect to his communications with prior counsel.  As such, the
26  government respectfully requests that the court find a waiver of the
27  attorney-client privilege, vacate the current briefing schedule, and
28  compel disclosure by defendant's prior counsel of relevant

1  communications pursuant to the provisions in the attached proposed
2  order.

3  **II.   ARGUMENT**

4      Defendant has waived the attorney-client privilege with respect
5  to communications with his prior counsel by raising ineffective
6  assistance of counsel claims, particularly because he has already
7  divulged some of his communications with prior counsel in his instant
8  Section 2255 motion.  As such, the record needs to be more fully
9  developed as to defendant's prior communications with counsel to
10 better address some of his claims in the instant motion.

11     According to Federal Rule of Evidence 502(a), when the attorney-
12 client privilege is waived as to the disclosed communication or
13 information, the waiver also extends to an undisclosed communication
14 or information in a Federal or State proceeding where: (1) the waiver
15 is intentional; (2) the disclosed and undisclosed communications or
16 information concern the same subject matter; and (3) they ought in
17 fairness to be considered together.

18     Here, defendant has intentionally waived his attorney-client
19 privilege by disclosing some of his communications with prior counsel
20 to pursue his instant motion.  For instance, defendant claims that he
21 instructed his prior counsel to file an appeal and more vigorously
22 pursue a cooperation plea agreement with the government, and that
23 prior counsel neglected to follow his wishes.  Both of those
24 disclosures of are, no doubt, intentional waivers to support his
25 instant motion.  As such, defendant's communications with his former
26 counsel (limited in scope, of course, to his ineffective assistance
27 claims) must, in fairness, be considered in this matter and developed
28 through discovery and/or a hearing.  That is because defendant's

claim that his counsel failed to follow instructions necessitates an inquiry into whether defendant did, in fact, give such instructions.[1]

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003); see also Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir. 1997) (defendant waived attorney-client privilege by raising ineffective assistance of counsel claim in a habeas proceeding); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (attorney-client privilege waived when defendant, in § 2255 proceeding, attacked his attorney's competence in giving legal advice, and ascribed course of action to his attorney that raised specter of incompetence).  The rationale for this rule is explained in Tasby:

> A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.  Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.  When a client calls into public question the competence of his attorney, the privilege is waived.

Tasby, 504 F.2d at 336.

---

[1] Defendant's claim regarding the failure to appeal necessitates discovery and/or an evidentiary hearing to determine whether the defendant "expressly requested" an appeal.  Garza v. Idaho, 139 S. Ct. 738, 746 (2019).  If he did, "counsel performs deficiently" and a "presumption of prejudice" applies, entitling the defendant to "a new opportunity to appeal."  Id. at 746-49.

**III.  CONCLUSION**

For these reasons, defendant has waived the attorney-client privilege by raising claims of ineffective assistance of counsel. The government respectfully requests that the court find a waiver of the attorney-client privilege, vacate the current briefing schedule, and compel disclosure by defendant's former counsel of relevant communications pursuant to the provisions in the attached proposed order.

1                       **DECLARATION OF LINDSEY GREER DOTSON**

2      I, Lindsey Greer Dotson, declare as follows:

3      1.   I am an Assistant United States Attorney in the United

4 States Attorney's Office for the Central District of California.

5 I represent the government in this civil matter, CV 19-10116-ODW, and

6 the related criminal matter, CR 18-00038-ODW-1.   I make this

7 declaration in connection with the government's ex parte application

8 for an order finding a waiver of the attorney-client privilege and

9 establishing procedures for the government to obtain attorney-client

10 communications subject to the waiver.

11      2.   On December 3, 2019, I spoke with defendant's former

12 counsel W. Anthony Willoughby, who advised me that he concurs with

13 the proposed briefing schedule set forth in the proposed order for

14 discovery.

15      3.   I have not ascertained defendant's position concerning the

16 instant motion, as he is acting pro se in connection with the Section

17 2255 motion and is incarcerated at United States Federal Correctional

18 Institution Seagoville, serving the 210-month sentence imposed in

19 this case.

20      I declare under penalty of perjury under the laws of the United

21 States of America that the foregoing is true and correct and that

22 this declaration is executed at Los Angeles, California, on December

23 3, 2019.

24

25                               */s/ Lindsey Greer Dotson*
                                     LINDSEY GREER DOTSON

26

27

28

**CERTIFICATE OF SERVICE**

I, Sandy Ear, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on December 4, 2019, I deposited in the United States mail at the United States Courthouse in the above-titled action, in an envelope bearing the requisite postage, a copy of: service was:

**Government's ex parte application for court order: (1) authorizing disclosure of certain attorney-client communications, (2) establishing procedures for obtaining such attorney-client communications, and (3) implementing protective order for such obtained communications; memorandum of points and authorities; declaration of Lindsey Greer Dotson; proposed order**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By Email, as follows:

☐ By Federal Express, as follows:

1    **Kenneth Collins**
2    **Fed. Reg. 75816-112**
     **FCI Seagoville Low**
3    **P.O. Box 9000**
     **Seagoville, TX 75159**
4

5  at his last known address, at which place there is a delivery

6  service by United States mail.

7        This Certificate is executed on December 4, 2019 at Los

8  Angeles, California.   I certify under penalty of perjury that the

9  foregoing is true and correct.

10

11

12                                      /s/ *Sandy Ear*
                                       SANDY EAR
13                                     Legal Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28