```
 1  NICOLA T. HANNA
    United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    LINDSEY GREER DOTSON (Cal. Bar No. 266973)
 4  Assistant United States Attorney
    Public Corruption and Civil Rights Section
 5       1500 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-4443
 7       Facsimile: (213) 894-0141
         E-mail:    lindsey.dotson@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 18-00038-ODW-1 |
| --- | --- |
| Plaintiff, | CV No. 19-10116-ODW |
| v. | [PROPOSED] ORDER: (1) AUTHORIZING DISCLOSURE OF CERTAIN ATTORNEY-CLIENT COMMUNICATIONS, (2) ESTABLISHING PROCEDURES FOR OBTAINING SUCH ATTORNEY-CLIENT COMMUNICATIONS, AND (3) IMPLEMENTING PROTECTIVE ORDER FOR SUCH OBTAINED COMMUNICATIONS |
| KENNETH COLLINS, | |
| Defendant. | |

The Court has read and considered the ex parte application filed by the government in this matter on December 3, 2019. The Court hereby finds that the application, which this Court incorporates by reference into this order, demonstrates facts that support the requested order. Based on the facts set forth in the government's application:

THE COURT FINDS that Defendant/Petitioner KENNETH COLLINS ("defendant") has waived the attorney-client privilege with respect to communications with his former counsel, W. Anthony Willoughby and

Anthony W. Willoughby, II, relevant to defendant's claim in this matter that his former counsel provided ineffective assistance of counsel.

THEREFORE, IT IS HEREBY ORDERED:

(1) By no later than January 10, 2020, the United States Attorney's Office for the Central District of California ("USAO") shall propound to W. Anthony Willoughby and Anthony W. Willoughby, II ("Former Counsel") interrogatories related to defendant's claim that his former counsel provided ineffective assistance of counsel.

(2) By no later than January 31, 2020, Former Counsel shall provide the USAO with either (a) notice that defendant has elected to withdraw his ineffective assistance of counsel claim or (b) written responses, with supporting exhibits, if any, answering the interrogatories propounded by the USAO under penalty of perjury, or noting objections to those interrogatories as being beyond the scope of defendant's waiver, together with the reasons for any such objections.

(3) Within five business days after receiving Former Counsel's written answers to the interrogatory questions, the government may pose follow-up questions to Former Counsel. Any such follow-up questions shall be limited to clarifications or explanations of the answers set forth in Former Counsel's written responses, or relate to facts disclosed in those answers, and must be relevant to the allegations of ineffective assistance set forth in defendant's motion.

(4) Within five business days after receiving the USAO's follow-up questions, Former Counsel shall provide the USAO with either (a) notice that defendant has elected to withdraw his

ineffective assistance of counsel claim or (b) written responses, with supporting exhibits, if any, answering the follow-up questions propounded by the USAO under penalty of perjury, or noting objections to those questions as being beyond the scope of defendant's waiver, together with the reasons for any such objections.

(5) Prior to providing any written responses to the USAO, Former Counsel shall send copies of the interrogatories and/or follow-up questions together with their proposed answers or objections to defendant.

(6) Defendant shall have an opportunity to provide written objections to any interrogatories and/or follow-up questions as being beyond the scope of the waiver, together with defendant's reasons for any such objections. For interrogatories and/or follow-up questions not subject to objection, defendant shall be provided with the opportunity, if defendant does not want the answers to any such interrogatories and/or follow-up questions disclosed to the government, to choose to withdraw his ineffective assistance of counsel claim.

(7) The information disclosed in Former Counsel's written responses and any supporting exhibits will be considered confidential information and, absent further Court order, will not be disclosed by the USAO to any other law enforcement or prosecuting agency except as necessary to assist in the USAO's litigation of defendant's ineffective assistance of counsel claim. In addition, any pleadings referencing the information disclosed in Former Counsel's written responses will be filed under seal. In addition, the information disclosed in Former Counsel's written responses will be used by the USAO only for the purpose of litigating defendant's ineffective

assistance of counsel claim. The protections of this paragraph shall remain in place even after litigation of defendant's ineffective assistance of counsel claim is completed. The USAO is directed to provide a copy of this order to any individual who is provided access to the information disclosed in Former Counsel's written responses.

(8) The briefing schedule ordered by the Court at docket no. 140 in CR 18-00038-ODW-1 is hereby vacated.

IT IS SO ORDERED.

_____   _____
DATE                           HONORABLE OTIS D. WRIGHT II
                               UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Lindsey Greer Dotson*
LINDSEY GREER DOTSON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Sandy Ear, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on December 4, 2019, I deposited in the United States mail at the United States Courthouse in the above-titled action, in an envelope bearing the requisite postage, a copy of: service was:

**[Proposed] Order: (1) Authorizing disclosure of certain attorney-client communications, (2) establishing procedures for obtaining such attorney-client communications, and (3) implementing protective order for such obtained communications**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By Email, as follows:

☐ By Federal Express, as follows:

**Kenneth Collins**
**Fed. Reg. 75816-112**
**FCI Seagoville Low**
**P.O. Box 9000**
**Seagoville, TX 75159**

at his last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on December 4, 2019 at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

                                          /s/ *Sandy Ear*
                                          SANDY EAR
                                          Legal Assistant